IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 0 6 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. B-07-319-01 |
| JUAN HERNANDEZ-LUNA | § | |

## OPINION & ORDER

BE IT REMEMBERED that on August 6, 2007, the Court considered Defendant Juan Hernandez-Luna's Motion to Suppress Evidence and Statements, Dkt. No. 22, Government's Response to Defendant's Motion to Suppress Evidence, Dkt. No. 31, and Government's First Supplemental Response to Defendant's Motion to Suppress, Dkt. No. 38.

On April 6, 2007, employees at Mail Pax in Harlingen, Texas called the Harlingen police department to report suspicious packages that had been refused by the addressee. Dkt. No. 22, at 1; Dkt. No. 31, at 1–2. Officer Ernesto Gomez with the Harlingen Police Department arrived at Mail Pax, and upon his assessment of the circumstances he believed that narcotics were contained inside the packages. Dkt. No. 22, at 1; Dkt. No. 31, at 2. Officer Gomez waited outside of Mail Pax for individuals to retrieve the packages. Dkt. No. 22, at 1; Dkt. No. 31, at 2. Thereafter, Juan Hernandez-Luna ("Hernandez-Luna") and Enrique Enriquez ("Enriquez") arrived at Mail Pax and requested the boxes. Dkt. No. 22, at 2. Upon exiting Mail Pax, Hernandez-Luna and Enriquez placed the boxes inside Enriquez's vehicle and exited the Mail Pax parking lot. Dkt. No. 22, at 2. Officer Gomez ran a check of the vehicle's license plates and discovered that the vehicle's registration sticker was expired. Dkt. No. 22, at 2; Dkt. No. 31, at 2. The officer alerted other surveillance units in the area, and "a marked Harlingen K-9 unit" eventually stopped the vehicle in question as it entered the city limits of San Benito, Texas. Dkt. No. 31, at 2. During the stop, "the officer's drug dog positively alerted to the [vehicle in question] for the presence of narcotics." Dkt. No. 31, at 4. The vehicle was subsequently searched, and

the boxes that Hernandez-Luna and Enriquez had retrieved from Mail Pax were found to contain 48.5 pounds of marijuana and 473.7 grams of methamphetamine. Dkt. No. 31, at 3. In the instant motion, Juan Hernandez-Luna requests that the Court suppress evidence and statements due to the alleged lack of jurisdictional authority of Harlingen police officers to stop Hernandez-Luna within the city limits of San Benito. Dkt. No. 22. The Government asserts that Hernandez-Luna's legal basis for his argument is flawed and maintains that a Harlingen police officer does have the authority to make a stop such as that which occurred in the present case. Dkt. Nos. 31, 38.

> Article 14.03(g)(2) of the Texas Code of Criminal Procedure states
> 
> [a] peace officer listed in Subdivision (3), Article 2.12, who is licensed under Chapter 1701, Occupations Code, and is outside of the officer's jurisdiction may arrest without a warrant a person who commits any offense within the officer's presence or view, except that an officer described in this subdivision who is outside of that officer's jurisdiction may arrest a person for a violation of Subtitle C, Title 7, Transportation Code, only if the offense is committed in the county or counties in which the municipality employing the peace officer is located.

(Vernon Supp. 2007). Subdivision (3) of Article 2.12 of the Texas Code of Criminal Procedure includes "police officers of an incorporated city, town, or village" as peace officers. (Vernon Supp. 2007). Subtitle C, Title 7 of the Texas Transportation Code provides for "Rules of the Road" and includes provisions pertaining to various traffic violations. The transportation code provisions that govern vehicle registration rules are set forth in Subtitle A, Title 7 of the code. Specifically, § 502.002(a)(1) requires, in pertinent part, that "[t]he owner of a motor vehicle . . . shall apply for the registration of the vehicle for each registration year in which the vehicle is used or to be used on a public highway." Furthermore, § 502.402 states that "[a] person commits an offense if the person operates a motor vehicle that has not been registered as required by law."

In the present case, Harlingen Police Officer Gomez verified that the vehicle in which Hernandez-Luna and Enriquez were traveling was not properly registered under Texas law. See Dkt. No. 22, at 2; Dkt. No. 31, at 1–2. This information was relayed to the Harlingen officer who eventually conducted the traffic stop of the vehicle. Dkt. No. 31, at 2. Thus, a violation of Texas Transportation Code § 502.402 was committed within the view of a Harlingen police officer. Pursuant to Texas Code of Criminal Procedure Art.

14.03(g)(2), the officer was authorized to conduct the stop of Hernandez-Luna and Enriquez and make an arrest of the person who committed the offense of violating Texas motor vehicle registration laws within his view, despite the officer being outside of his municipal jurisdiction.

Based on the foregoing, the Court concludes that the stop of Hernandez-Luna and Enriquez was lawful, and any subsequent evidence and statements were legally obtained. Therefore, the Court **DENIES** Defendant Juan Hernandez-Luna's Motion to Suppress Evidence and Statements. Dkt. No. 22.

DONE at Brownsville, Texas, this ___ day of August, 2007.

Hilda G. Tagle
United States District Judge